FREDERICK SMITH *vs.* FRANCIS EDGEWORTH.

In an action by the indorsee against the maker of a promissory note which was given for an illegal consideration, the burden of proof is on the plaintiff to show that it was indorsed to him before maturity and for a valuable consideration; and, although the production of the note with an indorsement without date is sufficient *prima facie* to sustain this burden, it is erroneous to rule that the burden of proof is on the defendant to show that it was indorsed and transferred after maturity, and that if he did not so prove, he could not be allowed to introduce evidence that it was given on an illegal consideration.

CONTRACT against the maker of a promissory note, payable in six months from date to C. S. & J. G. Smith or order, and indorsed by them, in blank, without date. The plaintiff declared as administrator *de bonis non* of C. S. Smith, deceased. The defence was that the note was given for spirituous liquors illegally sold in this commonwealth.

At the trial in the superior court, the plaintiff testified that he was formerly one of the firm of Smith & Lougee in Boston, and received the note before its maturity from the payees, for goods sold by his firm to them. " It also appeared that subsequently to this transfer, the said note was transferred by delivery to the administratrix of one of the original payees, C. S. Smith, and for value." *Wilkinson,* J. ruled, that as the indorsement was without date, the presumption of law was, in the absence of evidence to the contrary, that the indorsement and transfer of the note were made at or soon after its date, and that the burden of proof was on the defendant to show that it was indorsed and transferred after maturity, in view of the evidence in the case, and that if he did not so prove he could not be allowed to introduce evidence, as against the plaintiff, that it was given for spirituous and intoxicating liquors illegally sold.

20 *

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*S. J. Ross,* for the defendant.

*G. E. Betton,* for the plaintiff.

DEWEY, J.   It was erroneous to rule that in the case stated the burden of proof was upon the defendant to show that the note was indorsed and transferred after maturity, and that if he did not so prove he could not give evidence that it was given for spirituous and intoxicating liquors.   Under the decisions of this court, the general burden, in case it is shown that a note was given on an illegal consideration, or was procured by fraud, is upon an indorsee to show that the note was indorsed to him before maturity, and upon a valuable consideration.   *Tucker* v. *Morrill,* 1 Allen, 528.   The fact that an indorsement is without date, in the absence of any controlling evidence, is sufficient to sustain this burden, until it is overcome by evidence tending to show the contrary ; and to this extent the weight of evidence in the present case was changed, but not the burden of proof.

As to the other questions discussed at the argument, we give no opinion.   The facts are not sufficiently before us to authorize it.   Whether this action is brought for the benefit of the estate of C. S. Smith, the note being the property of said estate, or in fact the note was the property of the late administratrix of C. S. Smith, in her own right, and for a consideration paid by her therefor, does not distinctly appear.   If the former is the fact, it would seem that any matter should be deemed a legal defence which would have been, had the note never been indorsed, and a suit had been brought thereon by the original payees.   On the other hand, if this note did not belong to the estate of C. S. Smith, but had become the property of the individual who was administratrix on his estate, in her own right, for a consideration paid by her, the defence might not be open.   A further question may arise in this latter case, namely, whether in an action by the administrator *de bonis non* of the estate of C. S. Smith, it can be treated other than as the property belonging to that estate.   Upon these points we give no opinion, but suggest them as questions to be settled upon a more full report of the facts.                                   *Exceptions sustained*